UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CORY McCOY, )<br>)<br>Petitioner-Defendant, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Respondent-Plaintiff. ) | Case Nos. 14-cr-30011-CRL<br>24-cv-03050-CRL |

OPINION

Before the Court is Petitioner-Defendant Cory McCoy's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 32), as well as his Motion to Request Counsel (Doc. 33), Motion for an Order to Show Cause (Doc. 34), Motions for Summary Judgment (Docs. 35, 36), and Motion for Release from Custody (Doc. 39).

**I.   BACKGROUND**

McCoy is serving a 148-month sentence for his conviction for distributing heroin in violation of 21 U.S.C. § 841(b)(1)(c). Pursuant to his Presentence Investigation Report, McCoy had four prior state convictions for distributing or possessing with the intent to distribute a variety of different types of controlled substances and he was determined to be a career offender for purposes of the advisory sentencing guidelines. PSR ¶¶18, 27-32. However, no statutory sentencing enhancement applied as there was no § 851 Notice filed in his case. The Court entered judgment on April 24, 2015. McCoy did not file an appeal.

On February 29, 2024, McCoy filed this Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 32), along with a Motion to Request Counsel (Doc. 33). He argues that his counsel was ineffective for failing to challenge his career offender designation. Specifically, he argues that his prior state drug offenses should not have been considered predicate offenses in light of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). McCoy also argues that his statutory sentencing range should not have been enhanced pursuant to 21 U.S.C. § 851.

The Government was initially ordered to file a response by May 3, 2024, but failed to do so. Petitioner filed two Motions for Summary Judgment (Docs. 35, 36), seeking the Court to view the case as unopposed and proceed to an evidentiary hearing. After additional orders, the Government filed its response (Doc. 38) on August 1, 2024. Petitioner filed his reply (Doc. 40). This Order now follows.

## II.   DISCUSSION

### A.  McCoy's Motion to Request Counsel

While McCoy is not entitled to counsel, a district court does have discretion to appoint counsel to any financially eligible person seeking relief under 28 U.S.C. § 2241, 2254, or 2255, if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); *see also Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). When confronted with a motion to appoint counsel, the court should ask whether the petitioner has made efforts to obtain counsel and whether the petitioner appears competent to litigate the case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, McCoy has made no efforts to obtain counsel. Moreover, McCoy has adequately presented the legal arguments he seeks

to make. The Court finds assistance of counsel would not impact the result of the proceedings. Accordingly, at this time, the Court does not find that it is in the interests of justice to appoint counsel.

### B. Default Judgment

As noted above, the Government missed two deadlines to file a response before filing the response three months after the original deadline. After the first deadline was missed, McCoy filed two motions entitled Motions for Summary Judgment arguing that the Government's failure to file a response by the Court's deadline should result in his § 2255 Motion being considered unopposed. (Docs. 35, 36.) In his reply, McCoy also argues that the Government should be collaterally estopped from raising any arguments in opposition to his § 2255 Motion. (Doc. 40.)

While the Court shares McCoy's frustration at the Government's missed deadlines, the drastic remedy of a default judgment is not appropriate in this case. The Seventh Circuit has preserved the use of the sanction of a default judgment in a habeas corpus proceeding only for "especially rare" circumstances. *Ruiz v. Cady*, 660 F.2d 337, 340–41 (7th Cir. 1981). This is because the "remedy is extreme, and may well conflict with the public's right to protection." *Id.; see also, Shell v. United States*, No. 03 C 3182, 2004 WL 1899013, at *2 (N.D. Ill. Aug. 16, 2004), *aff'd,* 448 F.3d 951 (7th Cir. 2006) ("Courts are reluctant to grant default judgments without reaching the merits of the claim in habeas corpus cases because such judgments would cause the public at large to suffer by bearing either the risk of releasing prisoners that were duly convicted or the costly and difficult process of retrying them rather than impose hardship on the defaulting party.").

However, at some point, "[w]here the respondent is guilty of long and inadequately explained delays, it may be presumed that the petitioner is being illegally confined." *Id*.

Here, the Government's filed its response three months after the original deadline, which is not a long delay in the context of this habeas case. McCoy has not pointed to any prejudice that this delay has caused him. The drastic sanction of a default judgment is far from appropriate in this case and would likely conflict with the public's right to protection and with policy favoring the finality of criminal judgments. The Court is confident that the lesser sanction in the form of the implicit warning that this Order has given the Government is sufficient to assure that the Government will be more careful with noting and complying with filing deadlines in habeas actions in the future. *See Ruiz*, 660 F.2d at 340 (noting various alternative lesser sanctions that are more appropriate when habeas respondents miss deadlines, including shortening briefing schedules). Accordingly, McCoy's Motions for Summary Judgment are denied.

### C. McCoy's § 2255 Motion

#### 1. Timeliness

A one-year period of limitations for motions under 28 U.S.C. § 2255 begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The timeliness of each claim must be considered independently. *Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, McCoy's judgment was entered on April 24, 2015, and he did not appeal, so the one-year deadline under § 2255(f)(1) expired over seven years before he filed this Petition. Nor is there any basis for applying the one-year statute of limitations under §§ 2255(f)(2)–(4). McCoy does seek to rely on recent caselaw: *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and *United States v. Simon*, 2024 WL 399803, at *1 (C.D. Ill. Feb. 2, 2024). But, neither of these cases are Supreme Court cases for purposes of § 2255(f)(3), nor do they plausibly announce a new right. Accordingly, the Court must dismiss McCoy's claims as untimely.

2. **Procedural Default**

The government also argues that, even if his claims were timely, the claims in the Petition are procedurally defaulted because it was not raised at sentencing or on direct appeal. However, while a § 2255 Motion is not a substitute for a direct appeal or to raise arguments that could have been raised on direct appeal but were not, a "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Here, while Petitioner challenges his career offender designation,

he does so within the context of an ineffective assistance of counsel claim. Accordingly, if the claim had been timely, the Court would not find the claim procedurally defaulted.

### 3. Merits of the Ineffective Assistance of Counsel Claim

Respondent also argues that, even if timely, McCoy's claim is meritless. The Court agrees. McCoy's claims invoke his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). Under *Strickland's* two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

Here, McCoy claims that his attorney should have challenged the application of the career offender designation under the advisory Sentencing Guidelines. McCoy points to the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), for support. However, *Ruth* actually forecloses McCoy's argument because it holds that Illinois drug convictions can be predicates under the career offender provision. *Ruth*, 966 F.3d at 651-654. And, while *Ruth* held that certain Illinois drug convictions related to cocaine were not predicate "felony drug offenses" for purposes of the statutory

sentencing enhancement, *id.* at 650, McCoy was not subject to the statutory sentencing enhancement. Accordingly, in light of *Ruth,* McCoy cannot show any prejudice as a result of counsel's failure to challenge his career offender designation. Thus, even if his claim had been timely, it would be denied as meritless.

### III. CERTIFICATE OF APPEALABILITY

If McCoy seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that McCoy's Petition is untimely and meritless. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS, THEREFORE, ORDERED:**

1. Petitioner-Defendant Cory McCoy's Motion for an Order to Show Cause (Doc. 34) and Motion for Release from Custody (Doc. 39) are dismissed as moot, and his remaining motions (Docs. 33, 35, 36) are denied.

2. Petitioner-Defendant Cory McCoy's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 32) is dismissed as untimely. The Court DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to issue the judgment and close the administrative civil case, Case No. 24-cv-03050.

**Signed on this 18th day of October 2024.**

                               */s/ Colleen R. Lawless*
                               **Colleen R. Lawless**
                               **United States District Judge**